UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO LENARDO CRADLE,
    Petitioner

vs.     :    CIVIL ACTION NO. 1:CV-01-117

UNITED STATES OF AMERICA,
EX REL.,
    Respondents

MEMORANDUM

I. Introduction.

    Mario Lenardo Cradle, confined at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania (FCI-Allenwood), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as respondents are the United States of America and FCI-Allenwood Warden Jonathan C. Miner. Cradle, who pled guilty to three drug charges, contends the government failed to provide him with notice of its intent to pursue enhanced sentencing for these charges under the recidivist provisions of 21 U.S.C. § 841(b)(1)(A).

    Because petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, the petition will be summarily dismissed[1]

---

[1] Because the petition will be dismissed on the ground that § 2241 is not an available remedial device, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before disposing of the petition.

II.  Background.

According to Petitioner, in 1990, he entered into a negotiated plea agreement in which he pled guilty to: one count of conspiracy to manufacture and posses with intent to distribute in excess of 50 grams of cocaine base; one count of manufacturing in excess of 50 grams of cocaine base; one count of possession with intent to distribute in excess of 50 grams of cocaine base; and one count of aiding and abetting, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The United States District Court for the Western District of North Carolina sentenced Cradle to twenty years incarceration on each count, noting that the sentences would run concurrently.

Cradle acknowledges that he did not pursue a direct appeal.  He also concedes, without elaboration or explanation, that he "failed to adhere" to the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year filing requirement and thus is barred from seeking relief pursuant to 28 U.S.C. § 2255.[2]  Cradle notes that a recent unsuccessful attempt to obtain relief pursuant to an untimely 28 U.S.C. § 2255 petition supports his

---

[2]  As Cradle's conviction became final prior to the effective date of the AEDPA, his one-year limitations period for filing a habeas corpus application began to run on April 24, 1996, the effective date of the AEDPA.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Cradle was required to file his habeas corpus petition on or before April 24, 1997.  Apparently Cradle filed a §2255 petition at some point in the Western District Court of North Carolina.

2

reliance upon 28 U.S.C. § 2241.  See United States v. Cradle, 232 F.3d 890 (4th Cir. 2000) (unpublished decision).

III. Discussion.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 185 (1979). "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Indeed, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194,

3

1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" <u>Myers v. Booker</u>, 232 F.3d 902 (10th Cir. 2000) (unpublished disposition at 2000 WL 1595967) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," 28 U.S.C. § 2255, may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. "It has long been the rule of this circuit that 'the remedy by motion [under § 2255] can be "inadequate or ineffective to test the legality of . . . detention" only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000)(citing <u>United States ex rel Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). <u>See</u> <u>also</u> <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971)(<u>per</u> <u>curiam</u>)(same).

The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See</u> <u>id.</u>; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). Prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998); <u>Tripati</u>

4

v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). Nor do statutory limitations on filing second or successive § 2255 motions establish the inadequacy or ineffectiveness of the remedy. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); Davenport, 147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."); Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petition to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."). Moreover, the Third Circuit Court has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes

5

habeas corpus and provides the exclusive remedy." <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), <u>cert. denied</u>, 409 U.S. 1046 (1972).

Further, the fact that a petitioner's § 2255 motion may be barred by the one-year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. <u>See</u> <u>United States v. Lurie</u>, 207 F.3d 1075, 1077-78 (8th Cir. 2000); <u>Charles v. Chandler</u>, 180 F.3d 753, 758 (6th Cir. 1999); <u>Higgs v. Hobbs</u>, 2000 WL 284277, at *3 (S.D. Ala. 2000); <u>Ambrosio v. United States</u>, 2000 WL 109009, at *2 (S.D.N.Y. 2000). "It is the inefficacy of the remedy, <u>not a personal inability to utilize it</u>, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

As previously noted, Cradle acknowledges that he did not previously submit a timely § 2255 motion with the sentencing court. He also indicates that the one-year time limitation for doing so has expired. He offers no explanation or reasoning as to why his instant claims could not have been timely brought under § 2255. The fact that Cradle may now be time barred from bringing a § 2255 motion does not mean that the remedy itself is inadequate or insufficient. Rather, the Petitioner has demonstrated only his personal inability to employ the remedy. The legislative limitations placed on § 2255 proceedings simply do not render the

6

remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.

Further, Cradle's claim does not fall within the narrow exception outlined in <u>Dorsainvil</u>, in which § 2241 relief would be available. In <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. Cradle has not alleged that a change in substantive law has made him innocent of the federal charges against him. Therefore, § 2241 relief is not an available remedial device for him.

<u>CONCLUSION</u>

Based on the foregoing discussion, Cradle's petition for writ of habeas corpus will be dismissed. An appropriate Order will enter.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 27, 2001

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO LENARDO CRADLE,  :
    Petitioner
                    :

vs.                    :  CIVIL ACTION NO. 1:CV-01-117
                    :

UNITED STATES OF AMERICA,
EX REL.,               :
    Respondents

FILED
HARRISBURG, PA

JUN 2 7 2001

ORDER

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

AND NOW, this 27th day of June, 2001, it is ordered that:

    1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed.

    2. The Clerk of Court is directed to close this case.

    3. Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 27, 2001

Re: 1:01-cv-00117    Cradle v. United States of Ame

True and correct copies of the attached were mailed by the clerk to the following:

Mario Lenardo Cradle
FPC-ALLEN
Federal Prison Camp at Allenwood
08253-058
P.O. Box 1000
Montgomery, PA  17752

cc:
Judge                              ( )            (✓) Pro Se Law Clerk
Magistrate Judge                   ( )            ( ) INS
U.S. Marshal                       ( )            ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )    PA Atty Gen ( )
                                            DA of County ( )    Respondents ( )
Bankruptcy Court                   ( )
Other___PSLC_____               (✓)

MARY E. D'ANDREA, Clerk

DATE:    6/27/01                          BY: _____
                                              Deputy Clerk