CPS-152

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 01-3040

MARIO LENARDO CRADLE,

Appellant

v.

UNITED STATES OF AMERICA, Ex. Rel.;
JOHN MINER, Warden, Allenwood Federal Prison Camp

FILED
HARRISBURG, PA

JUN 1 4 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00117)
District Judge: Honorable William W. Caldwell

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2002

Before: SCIRICA, AMBRO and GREENBERG, Circuit Judges

## JUDGMENT

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted for possible dismissal under 28

U.S.C. §1915(e)(2)(B) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6.

On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered June 28, 2001 be and the same is hereby affirmed.  All of the above in accordance with the opinion of this court.

ATTEST:

_Marcie M. Waldron_

Clerk

Dated:  May 3, 2002

Certified as a true copy and issued in lieu of a formal mandate on June 10, 2002

Teste: _Marcie M. Waldron_

Clerk, United Stated Court of Appeals for the Third Circuit

PRECEDENTIAL

Filed May 3, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3040

MARIO LENARDO CRADLE,
Appellant

v.

UNITED STATES OF AMERICA, Ex Rel.;
JOHN MINER, Warden, Allenwood Federal Prison Camp

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00117)
District Judge: Honorable William W. Caldwell

Submitted For Possible Dismissal Pursuant to 28 U.S.C.
§ 1915(e)(2)(B) or Summary Action Under Third Circuit
LAR 27.4 and I.O.P. 10.6
April 11, 2002

Before: SCIRICA, AMBRO and GREENBERG,
*Circuit Judges*

(Filed: May 3, 2002)

## OPINION OF THE COURT

PER CURIAM:

   Mario Lenardo Cradle, an inmate at the Federal Prison
Camp at Allenwood, Pennsylvania, appeals the District
Court's order dismissing his petition for writ of habeas
corpus filed pursuant to 28 U.S.C. § 2241. We will affirm.

2

In 1990, Cradle pleaded guilty in the United States District Court for the Western District of North Carolina to four drug-related charges in violation of 21 U.S.C. §§ 841(a)(1) and 846. He received four concurrent 20-year sentences. Cradle did not appeal his conviction and sentence to the Fourth Circuit Court of Appeals. The nature of any post-conviction challenge Cradle launched against his conviction and sentence is less than clear on the record presented. Appellant posits conflicting information in his submissions, contending at one point that he did not collaterally attack his conviction or sentence through the filing of a motion under 28 U.S.C. § 2255, while asserting in another that he has "failed to adhere to the one year limitation period, as provided for under 28 U.S.C. § 2255." A review of the Fourth Circuit Court of Appeals' decision in *United States v. Cradle*, 232 F.3d 890, (4th Cir. 2000), reveals that Cradle did in fact seek relief pursuant to § 2255. However, the claims Cradle advanced in that motion are unknown as his appeal from the denial of relief was dismissed as having been untimely filed. *Id.*

In January 2001, Cradle filed the underlying § 2241 petition in the United States District Court for the Middle District of Pennsylvania, claiming that the United States District Court for the Western District of North Carolina was without jurisdiction to impose the sentence that it did because the government failed to provide him with notice of its intent to pursue enhanced sentencing under the recidivist provisions of 21 U.S.C. § 841(b)(1)(A), as required by 21 U.S.C. § 851(a)(1). Despite conceding that he did not file a direct appeal challenging his sentence or challenging the enhanced penalty through the filing of a § 2255 motion, Cradle contends that a § 2241 petition is the proper avenue for him to raise this claim because he is now barred from presenting his claim to the sentencing court in a motion filed pursuant to 28 U.S.C. § 2255.

The district court summarily dismissed the petition, having concluded that Cradle failed to show that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention merely because he may now be time barred from challenging the enhanced penalty through the filing of a § 2255 motion. Additionally, the court determined

3

.that Cradle's claim did not fall within the narrow "savings clause" exception set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1998). Upon review, we conclude that the district court properly dismissed the underlying § 2241 petition through which Cradle sought to challenge his sentence.

Cradle argues that a challenge to the district court's jurisdiction can be raised "any place and at any time," *see* Petition for Writ of Habeas Corpus at 9, and since he is procedurally precluded from proceeding under § 2255, he must be afforded an opportunity to attack his sentence through a § 2241 petition. However, under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court. *See also Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Id.* (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)); *see also In re Dorsainvil*, 119 F.3d at 249-52. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. *See In re Dorsainvil*, 119 F.3d at 251; *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. *See In re Dorsainvil*, 119 F.3d at 251-52 (listing cases in which

4

§ 2255 is not "inadequate or ineffective" even though petitioner is unable to raise a successful claim under it).

There is no doubt that the claim Appellant presents in this petition falls within the purview of § 2255. Yet Cradle cites neither an intervening change in the law nor any extraordinary circumstances (in fact, he readily concedes that he had multiple chances to challenge his sentence) to establish that his remedy under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255; *see In re Dorsainvil*, 119 F.3d at 251-52. In this context, Cradle cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it.

Therefore, because it clearly appears that no substantial question is presented by this appeal, we will summarily affirm the district court's order.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*

**OFFICE OF THE CLERK**

# UNITED STATES COURT OF APPEALS
**FOR THE THIRD CIRCUIT**
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Marcia M. Waldron
Clerk

Telephone
267-299-4938

**www.ca3.uscourts.gov**

June 10, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
220 Walnut Street
Room 1060
Harrisburg, PA  18501

RE: Docket No. 01-3040
    Cradle  vs. USA
    D. C. CIV. No. 01-cv-00117

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the
above-entitled case(s), together with copy of the opinion. The
certified judgment is issued in lieu of a formal mandate and is to be
treated in all respects as a mandate.

   (X) We return herewith the certified record in the case.

   (X) We return herewith the certified **1st supplemental record**

   Kindly acknowledge receipt for same on the enclosed copy of this
letter.

   Counsel are advised of the issuance of the mandate by copy of
this letter. A copy of the certified judgment is also enclosed
showing costs taxed, if any.

                          Very truly yours,
                          MARCIA M. WALDRON
                          Clerk

                   By:  Tonya Y. Wyche
                          Case Manager

Enclosure

cc:
        Mr. Mario L. Cradle
        Kate L. Mershimer, Esq.